13-4847 (L)
Valjean Manufacturing, Inc. v. Michael Werdiger, Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand fourteen.

PRESENT: RALPH K. WINTER,
        DENNIS JACOBS,
        BARRINGTON D. PARKER,
                <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X

VALJEAN MANUFACTURING, INC., MARTIN GRUBER,

      <u>Plaintiffs-Appellees-Cross-Appellants</u>,

      **-v.-**          13-4847 (Lead)
                            14-73 (XAP)

MICHAEL WERDIGER, INC.,

      <u>Defendant-Appellant-Cross-Appellee</u>.

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT-
CROSS-APPELLEE:      KENNETH L. BRESSLER (Andrew T. Hambelton, <u>on the brief</u>), Blank Rome LLP, New York, New York.

**FOR APPELLEES-**
**CROSS-APPELLANTS:**          ROGER B. MEAD, Folger Levin LLP,
                              San Francisco, California.

Appeal from a judgment of the United States District Court for the Southern District of New York (Baer, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Appellant-cross-appellee Michael Werdiger, Inc. ("MWI") and appellees-cross-appellants Valjean Manufacturing, Inc. ("Valjean") and Martin Gruber cross-appeal from a judgment of the United States District Court for the Southern District of New York (Baer, <u>J.</u>).  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review a district court's post-bench trial "findings of fact for clear error and its conclusions of law de novo." <u>Tiffany (NJ) Inc. v. eBay Inc.</u>, 600 F.3d 93, 101 (2d Cir. 2010).

There are three issues on appeal.  First, MWI argues that the district court erred by omitting from its damages calculations Credit Adjustments in favor of MWI for returns of jewelry sold prior to August 1, 2004.  The district court did not err.  The court's 2008 amended judgment--which MWI satisfied with respect to jewelry sales consummated before August 1, 2004--already included estimated Credit Adjustments for sales made during that period.  A district court may rely on "reasonable conjectures and probable estimates" in calculating contract damages. <u>Katz Commc'ns, Inc. v. Evening News Ass'n</u>, 705 F.2d 20, 25 (2d Cir. 1983) (citation and internal quotation marks omitted).

Second, MWI argues that the district court erred or abused its discretion in calculating damages based on a 12.17% commissions rate for MWI's sales force.  We find no error or abuse of discretion.  The record does not support MWI's contention that the district court shifted the burden of proof to MWI on this issue.  Furthermore, because MWI did not offer the actual sales records in support of its position that the commissions rate was 39.48%, the district court did not clearly err in relying on the 12.17% rate it previously adopted at trial.  <u>See</u> <u>Interstate Circuit v.</u>

*United States*, 306 U.S. 208, 226 (1939) ("The production of weak evidence when strong is available can lead only to the conclusion that the strong would have been adverse.").

Third, Valjean argues that the district court erred in declining to award damages or, in the alternative, impose sanctions against MWI for scrapping (rather than selling) its inventory of Valjean-crafted jewelry. Again, we find no error. Section 5.2 of the Manufacturing and Security Agreement explicitly permitted MWI to "dismantle any Jewelry which MWI has held in inventory for more than 360 days and sell the component parts thereof," and make "no Valjean Payment . . . in respect of such scrapped Jewelry." Even assuming some of MWI's statements in the course of litigation could be construed as promises not to scrap, Valjean has not articulated how it was prejudiced by those promises, given that MWI had a contractual right to scrap. Prejudice is especially unlikely, given the district court's finding that none of its previous judgments relied upon its understanding that MWI would not scrap.

For the foregoing reasons, and finding no merit in the parties' other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3